UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR VERA, JR.,<br><br>Defendant. | Case No. 17cr2426-LAB<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant SALVADOR VERA, JR. ("Defendant"), pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Sections 924(d)(1) and 982(a)(6)(A), and Title 28, United States Code, Section 2461(c), as properties involved in the violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Sections 2 and 922(g)(1), as charged in the Information; and

WHEREAS, on or about September 26, 2017, Defendant pled guilty before Magistrate Judge Mitchell D. Dembin to Counts 1 and 4 of the Information, which pleas included consents to the forfeiture allegations of the Information, including forfeiture of the following:

    a.    $6,376 in U.S. currency seized from the Defendant,

    b.    $2,320 in Mexican currency seized from the Defendant,

c. One 2016 Toyota Tundra, CA license 04225N1, VIN 5TFDY5F11GX573238,

d. One 9mm Beretta bearing the serial number BER221296z, and

e. All ammunition; and

WHEREAS, on October 25, 2017 this Court accepted the guilty pleas of Defendant, and on December 18, 2017, this Court sentenced the Defendant and ordered the forfeitures of the properties; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, the United States is now entitled to possession of the above-referenced properties, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d)(1) and 982(a)(6)(A), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the Court's sentencing of the Defendant on December 18, 2017, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant SALVADOR VERA, JR. in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a. $6,376 in U.S. currency seized from the Defendant,

b. $2,320 in Mexican currency seized from the Defendant,

  c. One 2016 Toyota Tundra, CA license 04225N1, VIN 5TFDY5F11GX573238,

  d. One 9mm Beretta bearing the serial number BER221296z, and

  e. All ammunition.

2. The aforementioned forfeited assets are to be held by United States Customs and Border Protection in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

//

//

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture is final as to the Defendant and is part of the sentence and included in the judgment.

DATED: December 20, 2017

_____
LARRY ALAN BURNS
United States District Judge